UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON LEE BORIS,

       Petitioner,

                                 Case No. 11-CV-12194

v.                                HON. MARK A. GOLDSMITH

DAVID BERGH,

       Respondent.

_____/

## OPINION AND ORDER HOLDING THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE, ADMINISTRATIVELY CLOSING THE CASE, AND DENYING APPLICATION FOR APPOINTMENT OF COUNSEL AS MOOT

### I. INTRODUCTION

This is a habeas case filed under 28 U.S.C. § 2254.  On May 19, 2011, Petitioner Brandon Lee Boris, a state inmate currently incarcerated by the Michigan Department of Corrections at the Carson City Correctional Facility in Carson City, Michigan, filed this *pro se* habeas petition challenging his 2008 convictions for eight counts of third-degree criminal sexual conduct, following a jury trial in Cheboygan County Circuit Court.  Petitioner raises claims concerning his due process rights and the effectiveness of his trial counsel.  Along with his habeas petition, Petitioner also filed an application for appointment of counsel.

For the reasons stated below, in lieu of dismissing the petition without prejudice, the Court will hold the petition in abeyance and stay the proceedings under the terms outlined in this opinion, in order to permit Petitioner to return to the state courts to exhaust his unexhausted claim; Petitioner

has not exhausted his state-court remedies with respect to the second claim raised in his petition. Given this decision, Petitioner's application for appointment of counsel will be denied as moot.

## II. BACKGROUND

On December 2, 2008, Petitioner was sentenced, as a habitual offender, to eight years, six months to twenty-two years, six months in prison for his convictions. Following his sentencing, on January 14, 2009, he filed a direct appeal with the Michigan Court of Appeals, alleging that his due process rights were violated when the trial court excluded evidence which denied him the opportunity to challenge the credibility of the complaining witness. On June 1, 2010, the Court of Appeals affirmed his convictions and sentences. *People v. Boris*, No. 289847, 2010 WL 2179779 (Mich. Ct. App. June 1, 2010).

Subsequently, Petitioner filed an application for leave to appeal that decision with the Michigan Supreme Court, raising the same claim raised in the Court of Appeals and adding an ineffective-assistance-of-counsel claim. On October 26, 2010, the Supreme Court denied his application. *People v. Boris*, 789 N.W.2d 449 (Mich. 2010).

Petitioner has neither filed a petition for writ of certiorari with the Untied States Supreme Court nor a post-conviction motion with the state court. Rather, he filed this habeas petition, raising the same claim raised before the Michigan Court of Appeals and the additional claim presented in the Michigan Supreme Court.

## III. DISCUSSION

### A. Standard of Review

A Michigan prisoner challenging his confinement by way of a habeas-corpus petition in this Court must first exhaust all available remedies in the courts of the state wherein he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas-corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c)); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418, 1419 (6th Cir. 1987). State prisoners in Michigan must raise each claim in both state appellate courts before seeking federal habeas-corpus relief. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

The exhaustion requirement may be excused where there is no opportunity to obtain relief in state court, or if the process to do so is so deficient as to render futile any effort to obtain relief in state court. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Thus, the Court must consider whether Petitioner has an avenue available for exhaustion of his unexhausted claim in state court.

### B. Ineffective-Assistance-Of-Counsel Claim Unexhausted

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted ineffective-assistance-of-counsel claim. Petitioner can file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq.*, which allows the trial court to appoint

3

counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on Petitioner's claims. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and the Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claim on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160. Therefore, Petitioner's unexhausted claim, his ineffective-assistance-of-counsel claim, should be addressed to, and considered by, the state courts in the first instance.

Where a petition contains both exhausted and unexhausted claims, a district court may dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion. *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *Griffin v. Rogers*, 308 F.3d 647, 652, n. 1 (6th Cir. 2002). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277. The Sixth Circuit also has approved a district court's dismissal of a mixed petition where the district court's order of dismissal provided safeguards such that the dismissal would not jeopardize the timeliness of a future habeas petition. *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002). Staying a habeas-corpus proceeding is appropriate where, as here, the original petition was timely

4

filed, but a second, exhausted habeas petition may be time barred by the AEDPA's statute of limitations. *Id.* at 720-21.

The Court finds that outright dismissal of the petition would jeopardize the timeliness of any future habeas petition due to the expiration of the statute of limitations. 28 U.S.C. § 2241(d)(1). The Supreme Court denied Petitioner's application on October 26, 2010, and his convictions became final, ninety days later, on January 24, 2011. The statue of limitations began to run the next day and continues until January 25, 2012. Thus, Petitioner has until January 25, 2012, in which to file his petition. He filed his petition on May 19, 2011, within the statute of limitations period.

However, if this Court were to dismiss Petitioner's habeas petition, albeit without prejudice, under the present circumstances, Petitioner would not have enough time to file a post-conviction motion with the state trial court and then return to this Court with a perfected habeas petition, because the filing of a second, exhausted habeas petition then would be barred by the AEDPA's limitations period. *Hargrove*, 300 F.3d at 720-21. Thus, the Court concludes that an outright dismissal of the petition would jeopardize the timeliness of any future habeas petitions. In addition, the Court finds that Petitioner's ineffective-assistance-of-counsel claim is not "plainly meritless" and that he has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the Court finds that a stay of the proceedings, rather than a non-prejudicial dismissal, is appropriate.

When a district court determines that a stay is appropriate pending exhaustion of state-court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state-court remedies, the Court imposes upon Petitioner time limits within which he must proceed.

*See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this order. *Id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state-court remedies. *Id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

## IV.  CONCLUSION

For the reasons stated, the Court concludes that Petitioner has failed to fully exhaust state-court remedies as to the ineffective-assistance-of-counsel claim presented in his habeas petition. The Court further concludes, however, that dismissal of the petition could deprive Petitioner of the opportunity to seek federal-habeas relief. Accordingly, it is ORDERED as follows:

(1) Petitioner's habeas proceedings are stayed. Petitioner shall file a motion for relief from judgment with the state court within sixty (60) days of receipt of this order. If he fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss his petition without prejudice. If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. Petitioner shall refile a habeas petition within sixty (60) days after the conclusion of the state court post-conviction proceedings, using the same caption and case number as appears on this order. Petitioner will be free at that time to file an amended habeas petition which contains his exhausted claim.

(2) The Clerk of Court shall administratively close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Clerk of Court shall reopen this case.

(3) Petitioner's application for appointment of counsel (Dkt. 3) is denied as moot.


Dated: November 10, 2011                  s/Mark A. Goldsmith
Flint, Michigan                           MARK A. GOLDSMITH
                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 10, 2011.

                                       s/Deborah J. Goltz
                                       DEBORAH J. GOLTZ
                                       Case Manager